UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF RHODE ISLAND (PROVIDENCE)

In re:                                                                    Chapter 7
Modupe M. Osifodunrin                                     Case No.: 14-11156

    Debtor(s)
_____/

## MEMORANDUM IN SUPPORT OF MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362

Now comes FV REO I, LLC ("FV") and, in support of its motion, states the following:

1. On October 20, 2010, Modupe M. Osifodunrin ("Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, which was dismissed for failing to file missing documents on November 17, 2010.

2. On January 28, 2011, Debtor filed a second petition for relief under Chapter 7 of the United States Bankruptcy Code, which was dismissed for failing to file missing documents on March 16, 2011.

3. On May 12, 2011, Debtor filed a third petition for relief under Chapter 13 of the United States Bankruptcy Code, which was voluntarily dismissed on June 14, 2011.

4. On October 12, 2011, FV became the owner of property located at 351 Tomaquag Road, Hopkinton, RI 02833 (the "Real Property") as evidenced by a Foreclosure Deed recorded on November 1, 2011 in the Town of Hopkinton Land Evidence Records in Book 499 at Page 511 (attached hereto as Exhibit "A").

5. On September 6, 2013, FV filed a trespass and ejectment action against Debtor in the Washington County District Court, civil action number 13-757.

6. FV received a judgment for possession of the Real Property and the Court issued an execution on April 30, 2014 (attached hereto as Exhibit "B").

7. On May 16, 2014, the day of a scheduled lock-out at Real Property, Debtor filed the

within petition under Chapter 7 of the United States Bankruptcy Code.

      8.     FV is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor continues to reside in the Real Property without any legal justification.

      9.     FV is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because Debtor has no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

      10.     FV is entitled to in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) because the filing of the petition was part of a scheme to delay, hinder and defraud FV that involves multiple bankruptcy filings affecting the Real Property.

WHEREFORE, FV moves that the Court enter an Order granting FV in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights with respect to the Real Property.

                                              FV REO I, LLC
                                              By its attorneys,

Date: May 19, 2014                         /s/ Joseph M. Dolben,
                                              Joseph M. Dolben, Esq. 7916
                                              Marinosci Law Group, P.C.
                                              275 West Natick Road, Suite 500
                                              Warwick, RI  02886
                                              Telephone:  (401) 234-9200